IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NORCOM 2000, INC.

    **Plaintiff/Counterclaim Defendant,**

v.

AMERICAN TELEPHONE &
TELEGRAPH CORPORATION,

    **Defendant/Counterclaim Plaintiff.**        Case No. 05-cv-92-DRH

## ORDER

**HERNDON, District Judge:**

    Plaintiff Norcom 2000, Inc., filed a Motion to Suspend Rulings on Dispositive Motions (Doc. 30), namely the cross Motions for Summary Judgment filed by both parties (Docs. 21 & 25). Because the Court believed the supplemental production Plaintiff sought to review could potentially aid either its Motion for Summary Judgment or its opposing Response to Defendant's Motion for Summary Judgment, but was unable to determine this from Plaintiff's Motion, the Court issued a ruling requiring Plaintiff to instead properly make a motion pursuant to **Rule 56(f)** of the **Federal Rules of Civil Procedure**.[1]

---

[1] Specifically, the Court instructed, "In this **Rule 56(f)** Motion, Plaintiff must provide, via affidavits, specific reasons why it feels that it cannot adequately response/oppose Defendant's partial summary judgment Motion – in other words, Plaintiff must explain why it believes this supplemental production it seeks would be relevant in opposing Defendant's claim regarding liability on the contract at issue. . . As to its own Motion for summary judgment, if Plaintiff feels that the supplemental production it seeks would strengthen its own Motion for summary judgment, it may withdraw its dispositive motion and re-file accordingly (but must move for leave to file past deadlines if such circumstance arises, or it can move for extension of deadlines as well). (Doc. 33, pp. 2-3).

1

On December 20, 2005, Plaintiff timely filed a sufficient **Rule 56(f)** Motion (Doc. 34), to which Defendant opposed (Doc. 35). Plaintiff maintained that its recent discovery of Defendant's three separate notes systems for inputting information concerning clients' billing complaints (and the related records thereof) would have likely been valuable information to have during the corporate depositions of Carol Brooks and Sharon Santino (Doc. 34, ¶ 5). At the time of filing its **Rule 56(f)** Motion, Plaintiff did not believe Defendant had produced all responsive records related to Plaintiff's billing disputes – and these records may serve to bolster Plaintiff's claim that Defendant materially breached the contract at issue, as well as indicate the correct amount of money Plaintiff may owe Defendant (if any) (*Id.* at ¶¶ 9, 11).

For these reasons, Plaintiff believed it could be severely prejudiced if the cross Summary Judgment Motions were ruled upon before Plaintiff could go over all the supplemental discovery from Defendant concerning these billing records to determine "whether it has received all information contained in notes systems in [Defendant's] possession, whether it needs to conduct additional discovery or re-take depositions previously taken, and whether it needs to supplement its [dispositive] motion or responses to [Defendant's dispositive] motions" (*Id.*at p. 4). As of the date of filing its **Rule 56(f)** Motion, Plaintiff indicated Defendant was in the process of hand-delivering documents to supplement its discovery production (*Id.* at ¶ 12).

Defendant filed an opposing Response, stating that a stay and additional

time for Plaintiff to possibly conduct further discovery was unnecessary as "the information contained in the documents referenced in Plaintiff's [**Rule 56(f)**] motion is cumulative of information already produced in discovery" (Doc. 35, p. 1). Defendant also indicated that it was also in the process of assembling another supplemental production to Plaintiff of documents only recently discovered, but did not believe any of those documents would be relevant to the issues raised in either party's summary judgment Motion (*Id*,, Ex. 1).

In viewing the evidence submitted by the parties and considering their respective arguments, the Court finds that such supplemental discovery may be relevant and necessary for Plaintiff in either its own Summary Judgment Motion or its opposing Response to Defendant's Summary Judgment Motion.  However, Plaintiff's **Rule 56(f)** Motion was filed approximately six months ago.  Since that filing, Plaintiff has filed a Motion to Remand this case to state court.  However, Plaintiff has not filed any motions for leave to withdraw, supplement or amend either its own Motion for Summary Judgment or its opposing Response to Defendant's Partial Motion for Summary Judgment, and it has also not filed a motion to reopen the discovery period so that it may conduct further depositions (as indicated by the Court in its previous Order).  (*See* footnote 1 of this Order.)

Therefore, the Court assumes a stay is no longer necessary, as a "de facto" stay has been in place for approximately six months.  As such, the Court hereby **ORDERS** Plaintiff to file a **Notice of Status** with the Court by **Tuesday, June**

**27, 2006**, informing the Court whether it is still in need of a stay of dispositive motions to review discovery, conduct discovery, etc., and to further state valid reasons why it has not been able to adequately do so in the six months since filing its **Rule 56(f)** Motion. If Plaintiff fails to file timely notice, its Motion will be denied.

**IT IS SO ORDERED.**

Signed this 20th day of June, 2006.

/s/        David RHerndon
**United States District Judge**