IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**NORCOM 2000, INC.**

    **Plaintiff/Counterclaim Defendant,**

v.

**AMERICAN TELEPHONE &
TELEGRAPH CORPORATION,**

    **Defendant/Counterclaim Plaintiff.**        **Case No. 05-cv-92-DRH**

**ORDER**

**HERNDON, District Judge:**

    Pursuant to the Court's June 20, 2006 Order (Doc. 47), Plaintiff has filed a Notice of Status (Doc. 49) to inform the Court whether it is still in need of a stay of dispositive motions so that Plaintiff may review supplemental discovery produced by Defendant to determine whether there is a need to conduct additional discovery, move to supplement its Response to Defendant's Motion for Summary Judgment or supplement its own Motion for Summary Judgment.  In Plaintiff's Notice, it states that due to the supplemental discovery, it believes the amount in controversy was well below the statutory requirement and therefore Defendant's removal of this case pursuant to **28 U.S.C. § 1332** was not justified.  Accordingly, Plaintiff has filed a Motion to Remand (Doc. 37).

Therefore, Plaintiff requests the Court stay its ruling on the other dispositive motions in this case so that the Court may first determine Plaintiff's Motion to Remand. If the Court ultimately denies the Motion to Remand, Plaintiff then asks that the stay of the rulings on the dispositive motions continue, and for the Court to re-open the discovery period so that Plaintiff can re-take depositions previously taken and supplement its Motion for Summary Judgment and/or its Response to Defendant's Motion for Summary Judgment accordingly.

Considering there exists no *immediate* need for further discovery, the Court hereby **DENIES** Plaintiff's **Rule 56(f)** Motion (Doc. 34). Before considering any motions filed in this case, the Court must conduct an initial examination to determine whether federal jurisdiction properly exists in this matter. ***See Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986)**. As Plaintiff has filed a Motion to Remand, which challenges the basis for the Court's jurisdiction, it will be determined before any motions which go to the merits of the case. If the Court determines proper jurisdiction does not exist, the case will be remanded to state court and the need for this Court to rule upon the dispositive motions will become moot. Plaintiff can thereby take up the need for further discovery with the state court.

However, if the Court should deny Plaintiff's Motion to Remand, and Plaintiff feels it is still necessary to re-depose certain individuals and possibly supplement its motions and/or responses, Plaintiff may thereafter file a motion for to re-open discovery period and amend scheduling order. This Motion will be handled by the Magistrate Judge assigned to this case – Judge Wilkerson. In this motion (or supporting memorandum), Plaintiff shall clearly and concisely list the specific individuals it wishes to re-depose and the reasons therefor, supported by whatever questions were raised by Defendant's supplemental discovery. If Plaintiff needs to conduct further paper discovery, it shall submit the proposed discovery in an e-mail to the Judge's chambers' e-mail address (DGWpd@ilsd.uscourts.gov), and Plaintiff shall explain in the motion/memorandum exactly why such discovery is necessary and relevant and why it could not have been served upon Defendant before the discovery period ended.

This Motion should also address amending the cutoff date for filing and/or supplementing dispositive motions, so that Plaintiff may withdraw its own Motion for Summary Judgment or its Response to Defendant's Motion for Summary Judgment in order to re-file a revised version. ***Plaintiffs shall file this Motion to re-open discovery period and amend scheduling order, if necessary, no later than <u>five (5) business days</u> after the Court's Order on the Motion to Remand has been issued***. Otherwise, such Motion shall be denied.

If Plaintiff does not wish to withdraw its dispositive motion or response, or is unable to have the dispositive motion cutoff date amended, it may then file a motion to supplement its motion and/or response with this Court, as this matter will be determined by Judge Herndon.

**IT IS SO ORDERED.**

Signed this 29th day of June, 2006.

<u>/s/          David   RHerndon</u>
**United States District Judge**