IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NORCOM 2000, INC.

    **Plaintiff/Counterclaim Defendant,**

v.

AMERICAN TELEPHONE &
TELEGRAPH CORPORATION,

    **Defendant/Counterclaim Plaintiff.**        Case No. 05-cv-92-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION & BACKGROUND

Plaintiff Norcom 2000, Inc. ("Norcom"), brought suit against defendant American Telephone & Telegraph Corporation ("AT&T") in St. Clair County court seeking money damages and injunctive relief (Doc. 2). Plaintiff Norcom is a Belleville, Illinois, corporation providing telecommunication services, including frame relay services, to its customers (*Id*. at ¶ 1). Defendant AT&T is a corporation doing business in Illinois and provides wholesale frame relay services. (*Id*. at ¶ 2). Norcom contracted with AT&T for certain wholesale telecommunication services – this agreement was entitled the "Master Customer Service Agreement" (hereinafter the "Agreement") (*Id*. at ¶ 3 and Ex. A). Count I of Norcom's Complaint is for breach of contract, alleging that AT&T breached the Agreement by improperly billing Norcom's account on numerous occasions and by failing to provide certain agreed-

upon services (*Id.* at ¶¶ at 1-6). As a result, Norcom claims its credit has been damaged because AT&T has referred it to collections (even though Norcom alleges its account is not overdue), Norcom has been, at times, unable to provide certain services to its customers due to AT&T's alleged breaches thereby causing Norcom to suffer lost billings for those customers (*Id.* at ¶¶ 5-6). In Count I, Norcom did not state a specific amount sought in pecuniary damages.

Count II of Norcom's Complaint seeks injunctive relief from AT&T's alleged breaches of the Agreement, including improper billing and disconnection of provided services. Additionally, Count II seeks the Court issue an order requiring AT&T to render an accounting for all services and billings it has provided to Norcom and one of Norcom's affected customers (*Id.* at ¶¶ 7-11). In support of Count II, Norcom attached a letter it received from AT&T (hereinafter the "Letter"), in which AT&T threatened to disconnect Norcom's services for failing to pay an alleged overdue balance of $85,863.21 (*Id.* at ¶ 9, Ex. B).

AT&T subsequently removed Norcom's case to this Court on the basis of diversity jurisdiction, pursuant to **28 U.S.C. § 1332**. It is clear from the face of the Complaint that the citizenship of the parties is diverse; Norcom does not challenge that aspect of the removal. However, because Norcom's Complaint itself did not specify an amount of damages sought, AT&T was required to prove by a preponderance of the evidence that the amount in controversy exceeded $75,000. Therefore, in its Notice of Removal (Doc. 1), AT&T noted that Norcom has claimed damages for breach of contract in Count I of its Complaint "'in an amount which will

adequately compensate it for its losses caused by AT&T's breaches of contract plus its cost of suit'" (*Id*. at ¶ 7, citing Doc. 2, p. 2). AT&T also relied upon the fact that Norcom's request for injunctive relief, stated in Count II, is part based upon the Letter, which states Norcom was overdue on its account in the amount of $85,863.21 (*Id*. at ¶ 8, referencing Doc. 2, Ex. B). Based upon Norcom's prayers for monetary and injunctive relief, as well as the Letter, AT&T deduced that "it is reasonably certain that the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00)" (*Id*. at ¶ 10). After removing the case, AT&T proceeded to file its Answer and Counterclaim (Doc. 11).

The Notice of Removal was filed in February, 2005. Approximately one year later, in March, 2006, Norcom filed its Motion for Remand, arguing that subsequent discovery has revealed the amount in controversy did not exceed $75,000 on the date of removal, therefore the Court does not have proper jurisdiction over this matter (Doc. 37). Norcom appears to base its argument entirely upon the deposition testimony of Sharon Santino ("Santino"), one of AT&T's corporate representatives and corporate deposition designees (*see* Doc. 24). Norcom argues Santino admitted during her deposition that AT&T *had* improperly billed Norcom and that at the time of removal, the amount in controversy was actually only "approximately $61,000.00" (Doc. 38, p. 4).

Norcom further argues that it was AT&T's burden to properly establish jurisdiction and the only evidence upon which AT&T based its proof of the amount in controversy was the Letter (*Id*.). However, Norcom claims that contrary to the

overdue balance stated in the Letter, Santino admitted during her deposition that Norcom did not actually owe $27,000.00 of the $85,863.21 overdue balance. Further, Norcom asserts that "the remaining amount must be discounted by subsequent payments made by [P]laintiff prior to the date of removal as well" (*Id*. at 4-5). Lastly, Norcom claims AT&T has been withholding certain requested discovery, such as "an accurate statement listing only the charges that defendant's corporate representatives claimed were proper from the beginning of the contract to the present" (*Id*. at 5).[1] In an effort to substantiate its argument, Norcom has attached a spreadsheet as Exhibit F to its memorandum supporting the Motion for Remand, (Doc. 38, Ex. F), describing the spreadsheet as a "chart of information contained in defendant's note systems, [which admits] numerous billing errors" (*Id*., p. 1). However, Norcom fails to clarify whether this chart was prepared by its attorneys, derived from information or documents produced by AT&T during discovery or if the chart was actually prepared and produced by AT&T itself. Either way, Norcom has not effectively demonstrated the veracity of the spreadsheet, labeled Exhibit F, by affidavit or other means of evidentiary authentication.

      AT&T has opposed the remand (Doc. 43), arguing that the "evidence" Norcom is attempting to use in support of its Motion for Remand was not available at the time AT&T removed this case and thus believes Norcom's remand effort is

---

[1] The Court observes that in a footnote in its supporting memorandum, Norcom states that it "intends to explore several remaining discovery issues, including the filing of motions for sanctions for discovery violations; however, [P]laintiff would like to give the court the opportunity to determine its jurisdictional basis before proceeding with such motions" (Doc. 38, p. 2, n.1).

more accurately viewed as "a last-ditch effort to forum shop" (Doc. 43, p. 1). Further, AT&T argues that it was Norcom that initially attached the Letter as part of its Complaint, thereby making it part of the pleadings and properly considered in establishing the amount in controversy for purposes of removal (*Id.*, p. 3, citing ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)**; ***N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998)**; ***Guzell v. Hiller*, 223 F.3d 518, 519 (7th Cir. 2000)**; ***Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)**; ***Redevelopment Authority v. City of Hope Nat'l Med. Ctr.*, 383 F. Supp. 813, 815 (E.D. Pa. 1974)**). AT&T also points out the value of Norcom's claim for injunctive relief should be considered when determining whether the amount in controversy exceeded the jurisdictional minimum of $75,000 at the time of removal (*Id.*, p. 4, n.2, citing ***Hunt v. Wash. St. Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)**). Additionally, AT&T asserts that Santino's deposition testimony, upon which Norcom relies, is insufficient, as her testimony was not available at the time of the removal and therefore should not be considered.

## II. ANALYSIS

### A. Showing the Proper Amount in Controversy

A defendant removing the case based upon diversity jurisdiction bears the burden of establishing "to a reasonable probability that jurisdiction exists." ***Chase*, 110 F.3d at 427 (internal citations omitted)**. When removal is challenged

based upon the amount in controversy jurisdictional requirement, the Court must look to determine whether the amount was met at the time of removal. ***Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997)(internal citations omitted)**. The starting point in examining the amount in controversy is the "face of the complaint" itself. ***Chase*, 110 F.3d at 427**. If the Plaintiff's prayers for relief do not specify a monetary amount, "the [C]ourt may look outside the pleadings to other evidence of jurisdictional amount in the record." ***Id.* at 428 (internal citations omitted)**. Yet, the Court must only analyze "evidence of amount in controversy that was available at the moment the petition for removal was filed." ***Id.* (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992))**. The evidence shown to be available at the time of removal must prove to a reasonable probability that the jurisdictional amount was met. ***Id.***

B.    **Whether Removal was Proper**

As AT&T correctly notes, the Letter was, in fact, attached to the Complaint by Norcom, and is therefore properly considered part of the pleadings. Norcom was seeking damages for losses it suffered due to AT&T's breaches of the Agreement – one of those being the alleged mis-billings. The attached Letter stated that Norcom was in arrears on its account in an amount of $85,863.21. Therefore, it is reasonably foreseeable for one to posit that the amount in controversy would, at the very least, include the amount of the disputed billings. Norcom argues that Santino's admissions of improper billings stated during her deposition prove that the

amount in controversy at the time of removal never actually exceeded the jurisdictional minimum of $75,000.00. However, the cited Santino deposition testimony and the various exhibits Norcom offers does not establish with a reasonable certainty that the amount in controversy at the time was under the jurisdictional minimum.

Moreover, it appears the determining the *actual* amount owed by Norcom (if any) at the time of removal would require a certain degree of merit resolution not appropriate for a jurisdictional threshold analysis. Discovery conducted subsequent to a removal, while certainly allowable to support a remand, does not aid the Court in its jurisdictional analysis if the facts surrounding the amount in controversy remain validly in dispute and it appeared reasonable at the time of removal that the amount in controversy was met. Consequently, such is the present circumstance, and so the Court finds AT&T did not act unreasonably in relying on the Letter to conclude that the amount in controversy was met at the time of removal. Instead, AT&T established with reasonable probability that the amount in controversy at the time of removal exceeded the jurisdictional minimum of $75,000.00. While the Court does not view Norcom's Motion to Remand as an artful attempt to forum-shop or as a "wait and see" approach, remanding the case must nevertheless be denied, as the Court finds AT&T has met its burden.

### III. CONCLUSION

Plaintiff Norcom's Motion to Remand (Doc. 37) is hereby **DENIED**, finding that at the time of removal of this case, defendant AT&T established with reasonable probability that the amount in controversy exceeded the jurisdictional minimum of $75,000.00.

**IT IS SO ORDERED.**

Signed this 9th day of August, 2006.

/s/       David   RHerndon
**United States District Judge**