**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**NORCOM 2000, INC.**

     **Plaintiff/Counterclaim Defendant,**

**v.**

**AMERICAN TELEPHONE &
TELEGRAPH CORPORATION,**

     **Defendant/Counterclaim Plaintiff.**       **Case No. 05-cv-92-DRH**

<u>**MEMORANDUM & ORDER**</u>

**HERNDON, District Judge:**

## I.  <u>INTRODUCTION</u>

Before the Court are cross Motions for Summary Judgment, filed by the parties (Docs. 21 & 25).  In this case, plaintiff Norcom 2000, Inc. ("Norcom"), brought suit against defendant American Telephone & Telegraph Corporation ("AT&T") seeking money damages and injunctive relief (Doc. 2).  Plaintiff Norcom is a Belleville, Illinois, corporation providing telecommunication services, including frame relay services, to its customers (*Id*. at ¶ 1).  Defendant AT&T is a corporation doing business in Illinois and provides wholesale frame relay services.[1] (*Id*. at ¶ 2). Norcom contracted with AT&T for certain wholesale telecommunication services[2] –

---

[1]  Frame relay services provide various telecommunications capabilities; in this case, they allow institutions, such as banks, to transmit and share data among their various locations (Doc. 22, p. 1, citing Deposition of Harry Norton, 23:18).

[2]  Some of the contracted services include: managed internet service, router based-managed firewall service, Asynchronous Transfer Mode ("ATM") services, and voice/data services (Doc. 11, ¶ 6).

this agreement was entitled the "Master Customer Service Agreement" (hereinafter the "Agreement") (*Id*. at ¶ 3 and Ex. A).  Norcom provides to its customers certain telecommunications services provided to it through AT&T.

Count I of Norcom's Complaint is for breach of contract, alleging that AT&T breached the Agreement by improperly billing Norcom's account on numerous occasions and also for failing to provide certain agreed-upon services (*Id*. at ¶¶ at 1-6).  AT&T's alleged mis-billing caused Norcom's account to go into arrears.  This prompted AT&T to refer Norcom to collections, thereby allegedly damaging Norcom's credit.  Norcom also alleges that AT&T's repeated failure to provide it with certain services under the contract has, on several occasions, rendered Norcom unable to provide certain services to its own customers, thereby causing Norcom to suffer lost billings (*Id*. at ¶¶ 5-6).  However, in Count I, Norcom does not state an amount certain sought in pecuniary damages.

Count II of Norcom's Complaint seeks injunctive relief from AT&T's alleged breach of the Agreement, namely, AT&T's continuous mis-billings of Norcom's account and disconnection of provided services.  Additionally, Count II requests the Court to issue an order requiring AT&T to provide an accounting for all services and billings it has provided to Norcom and one of Norcom's affected customers (*Id*. at ¶¶ 7-11).

AT&T, along with its Answer, filed a Counterclaim against Norcom (Doc. 11).  In its Counterclaim, AT&T alleges that it has performed all the requisite duties and obligations under the Agreement, but that Norcom, instead, is in breach for

refusing to pay AT&T for the provided services (*Id.* at ¶¶ 6-8).  AT&T further alleges that Norcom, at the time of the Counterclaim, was overdue on its account in excess of $100,000.00 (*Id.* at ¶ 11).   Therefore, AT&T seeks damages in excess of $100,000.00 on its Counterclaim (*Id.*).

For the reasons discussed within this Order, both Motions must be denied.

## II.  <u>THE PARTIES' BRIEFINGS</u>

### A.    **Plaintiff Norcom's Motion for Summary Judgment**

Norcom moves for summary judgment (Doc. 21) on both Counts of its Complaint, asserting that under section 3.1 of the Agreement, AT&T was obligated to bill for services according to the rates as set forth in the Agreement.  Basically, Norcom argues that for approximately a three-year period, AT&T repeatedly mis-billed Norcom for services, which was directly in breach of the Agreement.  Further, Norcom believes AT&T's breach to be material, as it claims one of the core purposes of the Agreement was to be accurately billed so Norcom could then accurately bill its clients for the services it provided via AT&T.  Norcom believes that because of AT&T's continuous mis-billings, it had no way of knowing if it was billing its *own* clients correctly and therefore was unable to determine if it had made any profit.  For these reasons, Norcom requests that the Court declare AT&T to be in material breach of the Agreement, thereby excusing Norcom's own nonperformance and then for the Court to determine the reasonable value of the services AT&T provided to

Norcom.  Strangely enough, Norcom also seeks that the Court grant _AT&T_ leave to file an amended claim for *quantum meruit*, and set this case for hearing on a calculation of the reasonable value of the services provided by AT&T to Norcom.

In its supporting memorandum (Doc. 22), Norcom argues that AT&T's breach was material because it: 1) defeated the bargained-for objective and/or caused disproportionate prejudice to plaintiff; 2) custom and usage consider the breach material; and 3) the allowance of reciprocal non-performance by the non-breaching party will result in its accrual of an unreasonable or unfair advantage.  Norcom first states it was prejudiced by AT&T's breach because the accuracy of billing its own clients depended on the accuracy of AT&T's billing; Norcom was consistently billed at a higher rate than what allowed by the Agreement.  This caused Norcom's account to go into arrears, which led AT&T to refer Norcom to collections.  Further, Norcom alleges that AT&T even mistakenly billed one of Norcome's own customer, which meant that customer was "double-billed" by both Norcom and AT&T.  However, AT&T was not supposed to bill any other entity pursuant to the Agreement but Norcom.

Norcom further argues that AT&T's breach defeated a bargained-for objective of the parties in that the agreement necessitated accurate billing; AT&T breached this duty by mis-billing Norcom repeatedly for almost three years.  To date, Norcom claims that despite a request made by its attorney, AT&T has refused to provide an accounting showing both the correct and incorrect charges made to Norcom's account, as well as the credits applied thereto by AT&T.  Lastly, Norcom

feels that an Order excusing Norcom's own nonperformance under the Agreement will not result in an unfair advantage to AT&T.  In fact, Norcom admits it owes AT&T "something" for the services rendered – but feels that due to the breach, the amount should be determined based on the reasonable value of the actual benefit(s) conferred by AT&T to Norcom and not the actual contracted rates under the Agreement.

AT&T opposes Norcom's Motion for Summary Judgment and in its opposing Response (Doc. 28), asserts that it should be granted summary judgment on Norcom's Complaint instead.[3]  In particular, AT&T argues  Norcom should not be granted summary judgment because: 1) Norcom has failed to perform its obligations under the Agreement (performance being payment on its account) and this breach should not be excused; and 2) Norcom cannot show that it has suffered damages as a result of AT&T's alleged breach, which precludes the Court from determining as a matter of law that AT&T has breached the Agreement. Further, AT&T argues that what Norcom is really asking the Court to do is enter a declaratory judgment on AT&T's liability and to thereby reform the Agreement without previously satisfying any of the legal requirements to do so (Doc. 28, p. 1).  Such relief would, AT&T believes, allow Norcom to obtain a windfall.

AT&T claims that as of October 1, 2005 (the approximate time Norcom filed its Motion for Summary Judgment), Norcom's account was in arrears in the

---

[3] In fact, as discussed later in this Order, AT&T has also filed a combined Motion for Summary Judgment on Norcom's Complaint and Motion for Partial Summary Judgment as to Liability on its Counterclaim (Doc. 25).

amount of $246,907.51.  Even though Norcom has not allegedly paid AT&T for services provided under the Agreement, AT&T states that Norcom has nevertheless continued to invoice its own customers for the services it provides via AT&T.[4] Further, AT&T adds that the balance due on Norcom's account as of October, 2005, reflects credits in excess of $130,000.00, given in order to rectify any billing errors made to Norcom's account.

The first portion of AT&T's argument against Norcom's Motion for Summary Judgment asserts that Norcom has failed to prove the elements for breach of contract as a matter of law, the element of which are: 1) existence of valid and enforceable contract; 2) performance by plaintiff, 3) defendant's breach of contract; and 4) resultant injury to plaintiff (Doc. 28, pp. 4-5, citing ***Catania v. Local 4250/5050 of the Communs. Workers of America***, **359 Ill. App. 3d 718, 724, 834 N.E.2d 966, 971, 296 Ill. Dec. 161, 166 (Ill. App. Ct. 2005)(citation omitted)**).  AT&T argues that it did not materially breach the Agreement and Norcom is instead the party in breach for failure to pay the amount due on its account.  Even if accurate billing is viewed as a material provision to the Agreement, AT&T asserts that it is not in breach because it corrected the billing errors and worked in good faith with Norcom to resolve any differences; evidence of which is shown by the fact

---

[4] AT&T cites to the deposition testimony of Sharon Santino ("Santino"), wherein she states that despite AT&T's inaccurate billing, Norcom would have the Agreement showing the applicable billing rates.  This information, coupled with the applicable discount tariff rate Norcom receives under the Agreement should, according to Santino, allow Norcom to can easily do the math so that it may accurately invoice its customers.  However, Santino does admit figuring the taxes, local taxes and reg fees would be very difficult (Doc. 28, Ex. B - Deposition of Santino, pp. 24-25; *see also* Doc. 28, Aff. Pamela Sanford, Ex. D, ¶ 4).

that it credited Norcom's accounts for any charges that the parties determined were inaccurately billed.  AT&T posits that  it remains Norcom's burden to show it is entitled to credits on its account other than what has already been given by AT&T. Moreover, AT&T points out that it has always provided, and continues to this day to provide Norcom with the services as promised under the Agreement.

AT&T continues in its argument to assert that contrary to Norcom's suggestion, it is not considered customary to reform this type of a service agreement due to inaccurate billing, otherwise "every individual that has ever received an inaccurate bill from any service provider would be discharged from their obligations to that provider as a result . . ." (Doc. 28, p. 9).  Additionally, AT&T asserts that Norcom has not suffered any damages due to the alleged breach, because it has credited Norcom's account for any inaccuracies, Norcom has not shown it is entitled to further credits nor has it paid any of the valid charges (*see* Doc. 26, p. 3, Ex. A - Norton Depo., pp. 145, 147).  Because Norcom has stopped paying on its account, but still receives its services provided by AT&T under the Agreement, AT&T argues Norcom has not established as a matter of law that there was a material breach of contract.  AT&T claims Norcom is instead actually deriving a benefit with no real burden.  As a final point, AT&T argues it is improper for Norcom, in its summary judgment motion, to attempt to seek "leave" on AT&T's behalf so that AT&T may amend its Counterclaim in order to state a claim for *quantum meruit* rather than breach of contract.  First, Norcom lacks standing to do so, especially without AT&T's consent, and second, it would essentially change AT&T's theory of the case.

**B.      Defendant AT&T's Motion for Summary Judgment**

AT&T has also filed a combined Motion for Summary Judgment on Norcom's Complaint and Motion for Partial Summary Judgment as to Liability on its Counterclaim (Doc. 25).  In its Motion, AT&T first reiterates that it believes it is entitled to summary judgment on Norcom's Complaint because Norcom cannot establish as a matter of law that it suffered any damages as a result of AT&T's alleged breach of the Agreement (Doc. 25, para. 3).  Further, AT&T asserts there is no dispute of material fact in this case and it is entitled to summary judgment as to liability on its Counterclaim because Norcom "admitted" it owes something for services it was provided by AT&T under the Agreement (*Id*. at para. 4).

AT&T also feels it is entitled to summary judgment on its breach of contract counterclaim.  Basically, AT&T states there is no dispute that the parties entered into a valid and binding contract.  During Norcom's corporate deposition, its corporate designee, Harry Norton, admits Norcom owes AT&T something for the services rendered under the Agreement (Doc. 26, p.3, Ex. A - Norton Depo., pp. 145, 147).  Because AT&T has not been paid in full for its services, it believes there is no question of fact that Norcom breached its duty under the Agreement to pay in full for services and therefore is liable at least to the point that it owes money to AT&T.  The amount owed, AT&T suggests, is an issue that can be reserved for trial.

Norcom opposes AT&T's Motion for Summary Judgment, and in its Response (Doc. 27), maintains that AT&T's constant and severe mis-billings of its account constituted a material breach of the Agreement.  Therefore, Norcom believes

that AT&T should not be allowed to recover the full contract price, but rather, only the reasonable value of the services it provided.  Norcom further argues that contrary to AT&T's assertion, all improper charges have *not* been credited to Norcom's account, and cites to testimony from the Sharon Santino deposition where she states that she is unsure if the late charges were credited back to Norcom's account (*Id*. at 7, Doc, 24 - Santino Deposition 85:24 - 86:8).  As a final point, Norcom notes that AT&T continues to refuse its request to provide an accounting which would aid to shed light on the parties' billing dispute.

### III.  <u>ANALYSIS</u>

**A.     Summary Judgment**

Summary judgment is appropriate under the Federal Rules of Civil Procedure when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986)**.  The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, **192 F.3d 616, 621-22 (7th Cir. 1999)**.  The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Ins. Co.*, **200 F.3d 1055, 1057 (7th Cir. 2000);** *Baron v. City of Highland Park*, **195 F.3d 333, 337-38 (7th Cir. 1999)**.

In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***EEOC v. Sears, Robuck & Co.*, 233 F.3d 432, 436 (7th Cir. 2000)**. No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *accord Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996), *cert. denied*, 519 U.S. 1055 (1997); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**. As such, " '[i]f no reasonable jury could find for the party opposing the motion, it must be granted.' " ***Oates v. Discovery Zone*, 116 F.3d 1161,1165 (7th Cir. 1997)(quoting *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995)(citing *Anderson*, 477 U.S. at 248))**. However, summary judgment may not be averted merely by the non-moving party "baldly contesting his adversary's factual allegations," but instead, the Plaintiff must come forth with probative evidence to substantiate the allegations of the complaint. ***Id.* (citing *First Nat'l Bank of Arizona v. Cities Serv. CO.*, 391 U.S. 253, 290 (1968); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))**.

**B.     Whether the Agreement Has Been Breached**

As explained in the previous section, Norcom feels it should prevail as a matter of law because AT&T is in material breach of the Agreement for its repeated mis-billings to Norcom's account.  Therefore, Norcom wishes to be relieved of its duties under the Agreement requiring it to pay any outstanding balance, as currently calculated by AT&T.  Additionally, Norcom seeks leave on AT&T's behalf so that AT&T may amend its Counterclaim to instead state a claim for *quantum meruit*. Lastly, Norcom believes a hearing necessary in order to calculate the proper amount it owes AT&T for the reasonable value of services rendered by AT&T under the Agreement.  In analyzing the issues in this matter, the Court must first determine whether AT&T breached the Agreement.  If so, the Court must secondly decide whether AT&T's breach was material so as to excuse Norcom's performance under the Agreement.  Conversely, the Court must also look to whether Norcom, instead, is in breach of the Agreement and therefore liable to AT&T for damages.

**1.     AT&T's Duties Under the Agreement**

Norcom argues AT&T materially breached the Agreement because of its repeated mis-billings made to Norcom's account.  However, AT&T argues that Norcom fails to refer to any specific contractual provision that creates this specific duty.  The Court observes that although Norcom did not cite to a specific contractual provision when stating a claim for breach of contract in its Complaint, in paragraph two of its Motion for Summary Judgment (Doc. 21), when discussing AT&T's breach, Norcom refers to the deposition testimony of Santino.  During the deposition, when

inquiring about AT&T's various contractual obligations, Norcom specifically referenced paragraph 3.1 of Agreement, which states that AT&T's duty under Agreement is to accurately bill for services provided to Norcom.  In fact, section 3.1 of the Agreement states (emphasis added):

> AT&T agrees to provides Services to [Norcom], subject to the availability of the Services, in accordance with the terms and conditions, and ***at the charges specified in the Agreement***, consistent with all applicable laws and regulations.

Therefore, Norcom has identified a contractual duty it alleges AT&T has breached.  In order to show a breach of contract under Illinois law,[5] Norcom must demonstrate: (1) existence of valid and enforceable contract; (2) performance by plaintiff; (3) breach of the contract by defendant; and (4) resultant injury to plaintiff. ***Catania***, **359 Ill. App. 3d at 724, 834 N.E.2d at 971, 296 Ill. Dec. at 166**.

## 2.    Norcom's Duties Under the Agreement

The parties do not dispute that a valid and enforceable contract exists. However, AT&T contends Norcom cannot show it performed its *own* obligations under the Agreement or that it was injured as a result of AT&T's alleged breach. Further, AT&T contends that even if the Court determines it to be in breach, such breach is not material.   AT&T argues that Norcom remains in breach of the Agreement for failing to pay AT&T for services provided.  In other words, Norcom

---

[5]  The Court observes that neither parties have argued that the law of another state besides Illinois should be applicable to this analysis.

remains delinquent on its account.  Norcom's duty under the Agreement, as noted
by AT&T, is stated in section 2.1 (emphasis added):

> "[Norcom] shall pay AT&T for [its] and Users' use of the Services
> at the rates and charges specified in th Attachments, ***without
> deduction, setoff or delay for any reason***."

AT&T further states that it continues to provide the bargained-for
services to Norcom, allowing Norcom to bill its own customers for these services.
Therefore, AT&T believes Norcom has not shown it has suffered damages as a result
of the mis-billing.  Lastly, AT&T asserts that it has made a good faith effort to work
with Norcom to correct the billing inaccuracies and has already issued several
substantial credits to Norcom's account.

### 3.    Whether AT&T Breached the Agreement

Although Norcom asserts that AT&T was clearly in breach of the
Agreement by its repeated mis-billings (overbillings) to Norcom's account, the Court
finds that several material questions of fact are in existence, precluding summary
judgment.  First, there is a material dispute regarding whether Norcom has actually
performed under the Agreement by timely paying on the charges invoiced by AT&T
for the provided telecommunications services.   AT&T submits testimony from
Norcom's own corporate designee stating that Norcom continues to owe "something"
for AT&T's services, at least for the charges that are valid (Doc. 26, p. 3, Ex. A -
Norton Depo., pp. 145, 147).  Second, as a matter of law, it is not certain that AT&T
stands in breach of Section 3.1 of the Agreement.  Both parties admit that there were

inaccurate charges made to Norcom's account, however, there also exists a material question of fact as to whether Norcom's account balance is now rectified after certain applied credits given by AT&T (Doc. 28, p. 6, n.4, Ex. A - Norton Depo., pp. 93-94, 134; Ex. B, - Santino Depo., pp. 57-59, 61, 64-65).

This also leads to the existing question of material fact regarding whether Norcom has actually been injured as a result of AT&T's alleged breach. While the Court does not doubt the frustration and utter havoc AT&T's mis-billings must have caused Norcom, it cannot at this time determine Norcom actually suffered injury. Norcom does not specify how its credit has been damaged or attach evidence of a lowered credit score, etc., it merely makes a broad conclusory statement to that effect. Norcom also fails to give a detailed list of customers it was unable to properly bill due to AT&T's overbillings, or an approximation of its lost profits.[6]

When coupled with testimony cited by AT&T that Norcom would not have been impaired in properly billing its own customers, despite any inaccuracies in its own account, the facts show that nothing can clearly be determined at this stage as a matter of law. At this point, the only thing that is reasonably certain is that both parties have erred in some fashion. Also, the Court notes that Norcom lacks standing to request a particular remedy for AT&T. Therefore, summary judgment on Norcom's Complaint for either party must be denied.

---

[6]  The Court appreciates the fact that Norcom may very well be unable to calculate these amounts until its account balance is rectified, however, such circumstances obviously do not bode well for summary judgment.

### 4.    Whether Norcom Breached the Agreement

AT&T also seeks summary judgment on its Counterclaim as to Norcom's liability, due to Norcom's "admission" that it owes "something" for telecommunication services provided to it by AT&T under the Agreement.  As explained in the previous section of this Order, there exists a material question of fact as to whether AT&T breached the Agreement, precluding summary judgment. Therefore, the Court cannot, as a matter of law, determine whether AT&T is entitled to a grant of summary judgment on its Counterclaim as to liability for Norcom's alleged breach, as "he who has first breached a contract cannot maintain an action for damages against the other party thereto for a failure to further proceed to carry out such contract subsequent to such breach." ***Consumers Mut. Oil Co. v. Western Petroleum Co.*, 216 Ill. App. 382, 1920 WL 980, at \*2 (Ill. App. Ct. 1920)**. Further, if AT&T was later determined to have breached the Agreement, and such breach was also deemed to be material, this may very well excuse Norcom for allegedly not paying for the provided telecommunications sevices.  Accordingly, summary judgment is not proper on AT&T's Counterclaim either.

## IV.  <u>CONCLUSION</u>

The Court finds that questions of material fact exist precluding a grant of summary judgment.  Therefore, both Plaintiff Norcom's Motion for Summary Judgment (Doc. 21) and defendant AT&T's combined Motion for Summary Judgment on Norcom's Complaint and Partial Summary Judgment as to Liability on its Counterclaim (Doc. 25) must be **DENIED**.

**IT IS SO ORDERED.**

Signed this 9th day of August, 2006.

<u>/s/        David  RHerndon</u>
**United States District Judge**